*COLUMBIANA COUNTY—AUGUST TERM, 1818.*

---

PRESENT—TAPPAN, *President ;* SMITH, BROWN AND BOWMAN, *Associates.*

---

# THE MANUFACTURING AND MERCANTILE CO. OF SANDY vs. SCHOOLLY.

Defendant had agreed that suit against him might be brought in name of plaintiffs, held that such agreement was valid. It being under seal and properly pleaded, defendant was estopped to deny plaintiff's right to sue in such name. If the estoppel is relied on, although the plea does not conclude in the usual form it will be good on general demurrer. The want of proper plaintiffs is matter in bar not in abatement. A partner may maintain assumpsit vs his copartner in some cases.

ASSUMPSIT.

1st Count, indebatitus assumpsit for goods sold and delivered.

2d Quantum meruit for goods sold and delivered.

PLEAS—1st. Non-assumpsit and issue.

2d. That the said manufacturing and mercantile company of Sandy, before and at the time of sueing out the writ of the said

COLUMBIANA.
August, 1818.

The Manf. and
Mercantile Co.
of Sandy
v.
Schoolly.

company in this behalf, was not, nor yet is, an incorporated company, nor capable in law of suing in their corporate capacity, nor otherwise, except as individuals by their individual names, &c.

Replication to the 2d plea: "that although true it is that said company at the time of suing out of this writ, nor yet, is not an incorporated company; that heretofore, to wit, on or about the —— day of —— in the year of our Lord —— at said county, the said John Schoolly, with divers other persons, associated themselves together for mercantile purposes, under the name and style of the Manufacturing and Mercantile Company of Sandy, and under that name and style did then and there agree to and subscribe certain articles of association and copartnership; and amongst other things in said articles did then and there agree that all suits brought by the said association or partnership, should be brought in the name of the association, in their company capacity; and the said company aver that the said John is a member of said company, and made the said promises and undertakings in the declaration set forth, to and with the said company in their company capacity, and this," &c.   General demurrer and joinder.

BLOCKSOM and WRIGHT for plaintiff.   LAIRD and GOODENOW for defendant argued in support of the demurrer, that one partner could not maintain assumpsit against another, and cited 1st Binney 191; 2d Term Rep. 483, & 2d Caines 293, and that an unincorporated company could not sue in their company name.

PRESIDENT.—This is an action of assumpsit brought by an association of persons calling themselves the Manufacturing and Mercantile Company of Sandy, for goods sold and delivered, against a partner in the company; the defendant pleads in bar that the plaintiffs are not an incorporated company, and have no right to sue in their copartnership name; the plaintiff admitting that the company is not incorporated, replies that the defendant executed and subscribed articles of copartnership with the plaintiffs, by which he agreed that all suits brought by the company, should be brought in the name of the association; to which replication the defendant demurs generally.   The matter of this replication, if well pleaded, can only operate by way of estoppel to the defendant to deny the right of the plaintiffs to sue him in their copartnership name.   If a man agrees that A. B. & C. D. may bring a suit against him in the name of E. F., or even in a fictitious name, I do not perceive any objection to the validity of such agreement; it is an advantage to a defendant to have real and substantial

persons as plaintiffs on the record, to whom he may resort COLUMBIANA. August, 1818. for his costs if he succeeds in the action; but it is in The Manf. and his power to waive this advantage by silent acquies- Mercantile Co. of Sandy. cence or express agreement: the replication states and v. Schoolly. the demurrer admits, that the defendant agreed by articles of copartnership, signed by him, that all suits brought by this company should be brought in their copartnership name; he is estopped then to deny their right so to sue. Laws on pleading 130. As to the manner in which this estoppel is pleaded, I think it good in substance, although it is bad in form, 2 Chit. 592—notwithstanding it is said, 1st Saund. 325—n. 4. "It is not merely matter of form to conclude an estoppel with relying upon it," for the replication relies wholly on the matter of estoppel, although the usual and proper form of conclusion is omitted, and such mode of pleading is sufficient on general demurrer. The case of Shelly vs. Wright, Willes 13, is said by Lawes in his treatise on pleading 161, to support this opinion. Not having an opportunity to examine that case I cannot test the correctness of the citation, but the opinion of Lord Ellenborough in the case of Outram vs. Morewood, as to when it is necessary to *plead* an estoppel, and the reason of the thing satisfies my mind—for if the matter relied on is substantially set forth as a bar to the plea, the manner in which it is set forth is nothing but form; nor can it be perceived why an improper conclusion of a plea in case of an estoppel should be bad on general demurrer, when it is not in other cases, 1st Saund. 97, n. 1. 4th East 502–509. Some doubt was entertained whether the defendant should not have pleaded in abatement, Com. Dig. abatement. E., but the law is now settled that " the want of proper plaintiffs in actions on contract, is an exception to the merits, and is to be taken advantage of either on demurrer, in bar, or on the general issue, but not by plea in abatement, 6th Mass. Rep. 460 Baker vs. Jewel—and 1st Bos. and Pul. 43—the matter of the plea is therefore properly urged in bar of the action. An objection is taken to the declaration that one partner cannot maintain assumpsit against his copartner; it appears on the whole of these pleadings, that this suit is brought by a company against a partner in the company, and if this form of action cannot be sustained between such parties, the defendant will be entitled to judgment on the demurrer. There are cases in which one partner may maintain assumpsit against another, as where the contract does not concern the partnership, where there has been a settlement of the partnership accounts, and where there has been a special undertaking,

18

JEFFERSON.
August, 1818.

2d term. Rep. 476; 1st Binney 191; the objection is made too soon, for it does not as yet appear but that the plaintiffs will give such evidence as will enable them to support their action; such evidence is certainly receivable on this declaration; in every point of view, therefore, in which the case has been presented to me, I think the plaintiffs entitled to judgment on this demurrer. *Demurrer overruled.*